UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| JAMES EDWARD SCOTT, III,<br><br>Plaintiff,<br><br>v.<br><br>MELISSA MICHELL, *et al.*,<br><br>Defendants. | Case No. 3:23-CV-00231-ART-CLB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO IDENTIFY UNSERVED DEFENDANTS**<br><br>[ECF No. 14] |
|---|---|

On March 28, 2024, Plaintiff James Edward Scott filed a motion to identify unserved defendants. (ECF No. 14.) Plaintiff states that the Office of the Attorney General ("OAG") did not file notice as to which Defendants it can or cannot accept service on behalf of and asks that the Court compel the OAG to do so. (*Id.*)

Despite Plaintiff's representation, the OAG did comply with the Court's order, (ECF No. 10), regarding service. On March 25, 2024, the Office of the Attorney General ("OAG") filed its notice of acceptance of service on behalf of Defendants Gaylene Fukagawa, Vanessa Timbreza, Kellen Prost, Lorenzo Villegas, and Melissa Mitchell. (ECF No. 13.) The notice also stated that the OAG could not identify Defendant "Mallory," and thus could not accept service on their behalf at this time. (*Id.*) The notice did not mention Defendant "Kathy Doe (Nurse)". (*Id.*)

First, to the extent Plaintiff's motion is asking that the Court order the OAG to take additional steps to identify the unserved defendant (Mallory), the motion, (ECF No. 14), is **DENIED**. The OAG has represented to the Court that it has already undertaken a reasonable inquiry in an attempt to identify the defendant but was unable to do so. (*See* ECF No. 13.) In this Court's order regarding service, (ECF No. 12), the Court instructed Plaintiff that if service cannot be accepted for any of the named defendants, Plaintiff must file a motion identifying the unserved defendants, including specifying a full name and address for the defendants. (*Id.* at 2.) Thus, to the extent Plaintiff requests that Defendants identify these defendants, this is an improper request. If Plaintiff can identify

"Mallory" during the course of discovery, he may file a motion for service with the full name of this defendant.

With respect to Defendant Kathy Doe Nurse, **IT IS ORDERED** that within 21 days of the date of entry of this order, the OAG shall file notice advising the Court and Plaintiff of whether it can or cannot accept service on behalf of Defendant **Kathy Doe Nurse**. If the OAG cannot accept service on behalf of **Kathy Doe Nurse**, the Office shall file, under seal, but shall not serve on Plaintiff, the last known address of **Kathy Doe Nurse**, if it has such information. If the last known address of **Kathy Doe Nurse** is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address. If service cannot be accepted for **Kathy Doe Nurse**, Plaintiff shall file a motion requesting issuance of a summons, specifying a full name and address for **Kathy Doe Nurse**. If the OAG has not provided last-known-address information, Plaintiff shall provide the full name and address for **Kathy Doe Nurse**.

Plaintiff is reminded that he must perfect service by June 2, 2024, pursuant to Fed. R. Civ. P. 4(m).

Consistent with the above, Plaintiff's motion to identify unserved defendants, (ECF No. 14), is **GRANTED in part and DENIED in part**.

**IT IS SO ORDERED.**

**DATED**: April 2, 2024

_____
**UNITED STATES MAGISTRATE JUDGE**