**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| JAMES EDWARD SCOTT, III, | Case No. 3:23-CV-00231-ART-CLB |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE LATE MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| MELISSA MITCHELL, *et al.*, | [ECF Nos. 56] |
| Defendants. | |

This case involves a civil rights action filed by Plaintiff James Edward Scott III ("Scott"), (ECF No. 1). On October 2, 2025, Scott filed a motion for partial summary judgment. (ECF No. 52.) The Court ordered that motion stricken from the docket because it was filed over eight months after the deadline to file dispositive motions. (ECF No. 54.) On October 9, 2025, Scott filed a motion for leave to file a late motion for partial summary judgment. (ECF No. 56.) In the motion, Scott acknowledges he is asking for this extension "approximately eight months after the deadline" to file dispositive motions in this case. (*Id.* at 2.) However, Scott argues he failed to comply with the deadline due to excusable neglect and that no prejudice will result to Defendants by allowing him to file the late motion for partial summary judgment. (*Id.* at 2-4.)

Local Rule 26-3 states if a request to extend a deadline occurs "after the expiration of the subject deadline," the request will not be granted "unless the movant also demonstrates that the failure to act was the result of excusable neglect." LR 26-3. Rule 60(b)(1) of the Federal Rules of Civil Procedure states that "whether neglect is excusable depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *See Branch Banking & Trust Co. v. D.M.S.I., LLC*, 871 F.3d 751, 765 (9th Cir. 2017) (delaying a request to amend a pleading to add four new defenses and a counterclaim that were all based on one

agreement was not excusable neglect because the defendant had always known of the agreement). A court should "take into account all the relevant circumstances" when considering these factors. *Cap. One, Nat'l Ass'n v. SFR Inv. Pool 1, LLC*, No. 2:17-cv-00604-RFB-NJK, 2020 WL 6271199 at *4 (D. Nev. Oct. 26, 2020) (citing *Bank of Am., N.A. v. Ann Losee Homeowners Ass'n*, No. 2:16-cv-00407-JCM-CWH, 2017 WL 4467541 at *7 (D. Nev. Oct. 5, 2017)).

Scott contends that Defendants will not be prejudiced if the Court allows him to file a late motion for partial summary judgment because "[t]he Court has not yet issued a ruling on the merits. . . ." (ECF No. 56 at 3.) This is incorrect. The Court ruled on the merits of Defendants' motion for summary judgment when it adopted the undersigned's Report and Recommendation recommending denial of the motion. (ECF No. 51.) In fact, based on that order, issued on September 26, 2025, the joint pretrial order in this case is due on Monday, October 27, 2025. (*See* ECF No. 26 at 6 (initial scheduling order establishing that the joint pretrial order is either due on the deadline established by the discovery plan "or 30 days following the entry of the court's ruling on a dispositive motion.").) Here, Scott waited over eight months after the deadline to file dispositive motions passed to move to file partial motion for summary judgment, which does not indicate Scott acted in good faith. Granting him leave to file a late partial motion for summary judgment would necessarily involve pushing the deadline to file a joint pretrial order and the setting of the trial itself, potentially delaying this case for months. Granting the motion would also mean that Defendants would have to shift from preparing for trial in this case back to ligating substantive motions. Further, the fact that Scott wishes to file a *partial* motion for summary judgment means that trial will still be necessary as his motion for summary judgment would not dispose of all claims. Thus, the Court finds that all of the relevant circumstances do not demonstrate excusable neglect. *Cap. One,* 2020 WL 6271199 at *4 (citations omitted).

///

///

**IT IS THEREFORE ORDERED** that Scott's motion for leave to file a late partial motion for summary judgment, (ECF No. 56), is **DENIED**. A joint pretrial order is due on **Monday, October 27, 2025**.

**IT IS SO ORDERED.**

**DATED**: October 10, 2025.

_____
**UNITED STATES MAGISTRATE JUDGE**