UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JAMES EDWARD SCOTT III,

             Plaintiff,

     v.

MELISSA MITCHELL, *et al.*,

             Defendants.

Case No. 3:23-cv-00231-ART-CLB

ORDER

*Pro se* Plaintiff James Edward Scott III brings this civil rights action under § 1983 against Defendants Melissa Mitchell ("Mitchell"), Gaylene Fukagawa ("Fukagawa"), Vanessa Timbreza ("Timbreza"), Kellen Prost ("Prost"), and Lorenzo Villegas ("Villegas") (collectively "Defendants"). On October 9, 2025, Plaintiff requested an extension to file a late motion approximately eight months after the dispositive motion deadline. (ECF No. 56 at 2.) Judge Baldwin issued an order denying Plaintiff's motion, because it did not meet the standard for excusable neglect under Federal Rule of Civil Procedure 60(b)(1). (ECF No. 57.)

Before the Court is Plaintiff's Objection to the Magistrate Judge's Order denying his Motion for Leave to File Late Motion for Partial Summary Judgment. (ECF No. 58.)

## I.    Legal Standard

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a). A district court will thus defer to a magistrate judge's nondispositive order unless it is clearly erroneous or contrary to law. *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). "A finding is clearly erroneous when although there is evidence

1

to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *24-7 Grp. of Companies, Inc. v. Roberts*, No. 3:13-CV-00211-MMD-WGC, 2014 WL 12707232, at *2 (D. Nev. Nov. 21, 2014) (quoting *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010)). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Id.* (quoting *Conant v. McCoffey*, C97–0139, 1998 WL 164946, at *2 (N.D. Cal. Mar.16, 1998)).

Local Rule 26-3 states that requests to extend deadlines after the expiration of the subject deadline will not be granted "unless the movant also demonstrates that the failure to act was the result of excusable neglect." LR 26-3. "Whether neglect is excusable depends on at least four factors: (1) the danger of prejudice on the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Fed. R. Civ. P. 60(b)(1); *see Branch Banking & Trust Co. v. D.M.S.I., LLC*, 871 F.3d 751, 765 (9th Cir. 2017).

## II.   Analysis

Plaintiff objects to Judge Baldwin's conclusions because he claims that the order overlooked "(a) the absence of prejudice to Defendants, (b) the disability-related access barriers that constitute good cause, and (c) Plaintiff's demonstrable good faith." (ECF No. 58 at 2.) Plaintiff's argument fails because Judge Baldwin's order finding that Plaintiff failed to meet the Rule 60(b)(1) standard is not clearly erroneous or contrary to law.

Contrary to Plaintiff's objection, Judge Baldwin did not overlook any of Plaintiff's arguments. Judge Baldwin specifically addressed how Defendants would be prejudiced by the relief he sought, because the Court has already ruled on the merits of the Defendants' Motion for Summary Judgment. (ECF No. 57.) She held that allowing Plaintiff to file a partial motion for summary judgment eight months after the dispositive motion deadline would push back the deadline

for a joint pretrial order and the trial itself, in addition to forcing Defendants to return to litigating substantive motions. (*Id.*)

Mr. Scott argued that his eight-month delay should be found to be excusable neglect because of his renal disease and limited access to the public library's computers. (ECF No. 58 at 2-3.) Mr. Scott, however, filed his response to Defendants' motion for summary judgment in March 2025 (ECF No. 46), a response to Defendants' objections to the R&R in September 2025 (ECF No. 50), and a motion for a settlement conference on October 2, 2025 (ECF No. 53) before filing the present motion. This demonstrates that despite these challenges, Mr. Scott was not completely prevented from litigating his case in a timely manner. Judge Baldwin's conclusion that the considerable delay in filing the motion was not in good faith is therefore not clearly erroneous. (ECF No. 57.)

**III.    Conclusion**

It is therefore ordered that Plaintiff's Objection to the Magistrate Judge's Order (ECF No. 58) is OVERRULED.

Dated this 17th day of April, 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE